IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
COLUMBIA DIVISION

MARK T. COX AND RIDDICK S. RICHARDSON, on behalf of themselves and all others similarly situated,

                      *Plaintiffs*,

                 - against -

TIME WARNER CABLE INC.,

                      *Defendant*.

Civil Action No.: 3:12-cv-03333-JFA

**AFFIDAVIT OF CHRISTINE DZUJNA**

1. I am an employee of Time Warner Cable Inc. ("TWC"). I serve as the Senior Director of Compliance and Legal Affairs for TWC. One of my duties in that capacity is to oversee the rollout of our Subscriber Agreements and administer the arbitration opt-out provision.

2. This affidavit is based on my personal knowledge and review of documents maintained in the ordinary course of business by TWC. As to the records and information discussed in this affidavit, I have gained knowledge of the information from the business records of TWC which were made at or about the time of the events, recorded and maintained in the ordinary course of business by TWC.

3. In order to receive TWC's residential services a subscriber must comply with TWC's Residential Services Subscription Agreement (the "Subscriber Agreement"). **Exhibit A** is a true and correct copy of the Subscriber Agreement effective as of the date this action was filed.

1

4.     It was TWC's standard practice in 2007, and it remains so today, to provide new residential subscribers with a Welcome Kit that contained, among other things, a copy of the Subscriber Agreement. In the ordinary course, the TWC employee or contractor installing the service would hand-deliver the Welcome Kit to the subscriber. A customer would then sign a Work Order confirming the installation and acknowledging receipt and acceptance of the Welcome Kit and the agreements it contained. A copy of the Subscriber Agreement is also available on TWC's website at http://help.twcable.com/html/policies.html. **Exhibit B** is a true and correct copy of Welcome Kit containing the 2007 Subscriber Agreement which can be found at pages 19 through 33 of the Welcome Kit.

### *Riddick Richardson*

5.     Riddick Richardson has been a TWC subscriber since August 2007. **Exhibit B** is a true and correct copy of the Welcome Kit containing the 2007 Subscriber Agreement that was applicable when Richardson first became a TWC subscriber. The Welcome Kit would have been provided to Richardson consistent with TWC policy and practice at that time.

6.     The 2007 Subscriber Agreement permitted TWC to amend the subscriber agreement upon notice. The 2007 Subscriber Agreement provided that the subscriber's continued acceptance of TWC services thereafter would constitute the subscriber's acceptance of such an amendment.

7.     In 2010, TWC amended its subscriber agreement to include the arbitration provision contained in the Subscriber Agreement (¶15) in the form that was in force when this action was filed. In 2010, TWC sent notification of this amendment to each subscriber in their monthly

billing statement. **Exhibit C** is a true and correct copy of a sample bill notifying customers of the amended arbitration provision.

8. Plaintiff Richardson continued to receive TWC services after 2010. As of the date of the filing of this action Richardson was still a TWC subscriber.

9. When a TWC service representative performs work for a subscriber at their place of residence, the subscriber signs a "Work Order" acknowledging their receipt of the most recent version of the Subscriber Agreement and consenting to its terms, specifically the arbitration agreement.

10. The most recent Work Order executed by Richardson (or his designee) is dated March 7, 2011. **Exhibit D** is a true and correct copy of that Work Order. It states that the subscriber acknowledges receipt of the then-applicable Subscriber Agreement and consents to its terms, and specifically the arbitration provision contained therein.

11. The most recent Work Order executed by Richardson (or his designee) incorporates the terms and conditions of the then-applicable Subscriber Agreement. **Exhibit E** is a true and correct copy of the Subscriber Agreement that was incorporated by reference into the 2011 Work Order executed by Richardson (or his designee).

12. The arbitration provision contained in the Subscriber Agreement in force in March 2011 is the same in all material respects as the provision in the current Subscriber Agreement.

*Mark Cox*

13. Mark Cox has been a TWC subscriber since September 2011. As of the date of the filing of this action Cox was still a TWC subscriber.

14. Plaintiff Cox (or his designee) signed Work Orders on May 7, 2012, and October 26, 2012. **Exhibit F** is a true and correct copy of the May 7, 2012 Work Order. **Exhibit G** is a true and correct copy of the October 26, 2012 Work Order. Those Work Orders state that the subscriber acknowledges receipt of the then-applicable Subscriber Agreement and consents to its terms, and specifically the arbitration provision contained therein.

15. The two Work Orders signed by Cox (or his designee) each incorporate the terms and conditions of the then-applicable Subscriber Agreement. **Exhibit A** constitutes a true and correct copy of the Subscriber Agreement provided to Cox when he signed each Work Order referenced above.

16. The arbitration provision contained in the Subscriber Agreement in force in March 2011 is the same in all material respects as the provision in the current Subscriber Agreement.

17. The arbitration provision contained in the Subscriber Agreement attached as **Exhibit A** allows customers to opt out of the mandatory arbitration provision under certain terms and conditions by providing notice to TWC in the manner specified. TWC does not have any record that either Cox or Richardson submitted opt-out elections consistent with the terms and conditions applicable thereto.

FURTHER AFFIANT SAYETH NAUGHT.

_____
Christina Dzujna

Sworn to and Subscribed before me
This __19__ day of February, 2013.

_____
Notary Public for __Manhatthan County__
My Commission Expires: __3/12/16__

VERONICA MERRILL
Notary Public, State of New York
Registration #01ME6257268
Qualified In Kings County
Commission Expires March 12, 2016

5